UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| In re:<br><br>BK RACING LLC<br><br>　　　　　　　Debtor. | Chapter 11<br><br>Case No. 18-30241 |
| MATTHEW W. SMITH, Chapter 11 Trustee for BK RACING, LLC,<br><br>　　　　　　　Plaintiff,<br>vs.<br><br>RACE ENGINES PLUS, LLC,<br><br>　　　　　　　Defendant. | Adv. No. 20-03012 |

**DEFENDANT RACE ENGINES PLUS, LLC'S MOTION TO DISMISS, ANSWER TO COMPLAINT, AND AFFIRMATIVE DEFENSES**

COMES NOW Defendant Race Engines Plus, LLC ("Defendant" or "REP"), and hereby responds, by and through undersigned counsel, to the allegations set forth in the Complaint filed by Plaintiff Matthew W. Smith, Chapter 11 Trustee for the BK Racing, LLC ("Plaintiff"), dated February 14, 2020.  Each and every allegation set forth in Plaintiff's Complaint is denied unless otherwise specifically admitted herein.

**FOR A FIRST DEFENSE**
(Motion to Dismiss – F.R.B.P. 7012(b) and F.R.P. Rule 12(b)(6))

Pursuant to Federal Rule of Bankruptcy Procedure 7012(b) and Federal Rule of Procedure 12(b)(6), Defendant moves to dismiss with prejudice all claims asserted by the Plaintiff against Defendant in Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

**FOR A SECOND DEFENSE**
(Answer)

PARTIES

1. Admitted.

2. Admitted.

JURISDICTION AND VENUE

3. Admitted.

4. Admitted.

5. Admitted.

6. It is admitted that Plaintiff seeks relief under 11 U.S.C. §§ 502, 510, 541, 549, and 550. It is denied that Plaintiff is entitled to the relief sought.

7. This paragraph contains no allegations and therefore no response is required. To the extent a response is required, it is denied.

FACTUAL ALLEGATIONS

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. It is admitted that REP filed proof of claim 32 asserting an unsecured claim against the bankruptcy estate in the amount of $1,922,029.35. Following the filing of the Complaint in this action, REP filed an amended proof of claim 32 asserting an unsecured claim against the bankruptcy estate in the amount of $2,355,561.34. It is further admitted that, following the filing of the Complaint in this action, REP filed an administrative claim for $10,000.00 out of an abundance of caution, as such amount was previously allowed pursuant to an Order Granting Trustee's Application for Allowance of Administrative Expense on August 16, 2018 [Doc. 180].

{00489020.DOCX V. R311.027187;}    2

13. It is admitted that REP was elected chairperson of the Official Committee of Unsecured Creditors. REP further states that due to a number of factors including the uncertainty of administrative solvency, despite efforts to engage counsel for the Committee, the Committee was unable to find counsel willing to serve in the role of counsel for the Committee. Except as herein admitted, the remainder of the allegations in paragraph 13 are denied.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Denied as stated. The Amended Arbitration Award entered in the REP Action is a written document, which speaks for itself. Specifically, the Amended Arbitration Award found that the Debtor was entitled to return of certain Debtor-owned engine and engine parts within fifteen (15) days from December 12, 2016.

19. Admitted.

20. It is denied that the Engine Lease Agreement ("ELA") was entered in order to resolve the judgment entered in the REP Action. It is admitted that the ELA was entered into by and between Debtor and REP, is in writing, and speaks for itself. It is denied that Exhibit 1 to the Complaint filed in this action is a complete copy of the ELA, but the portions contained in Exhibit 1 are accurate. Except as specifically admitted herein, paragraph 20 of the Complaint is denied.

21. Denied as stated, due to unreasonable and misleading excerpting. Paragraph 4 of the ELA states, specifically, that "on December 27, 2016, REP delivered to [Debtor] engines and engine parts that are owned by [Debtor] (the 'BKR Engine Parts')." In turn, after execution of the ELA, Debtor was required to "deliver the BKR Engine Parts back to REP, along with a written list and photographs of all items delivered. REP may utilize all such BKR Engine Parts throughout the

Terms of this Agreement." Except as specifically admitted herein, paragraph 21 of the Complaint is denied.

22. It is admitted that REP was required to provide tuning and related services for the Debtor's engines and provide a primary engine and one backup engine for the Debtor at each cup series race. To the extent Plaintiff seeks to impose duties not contained in the ELA, it is denied that REP was required to complete such duties.

23. Admitted. REP further states that Debtor had additional duties and obligations under the ELA, including fielding a second race team in at least fourteen (14) races per season.

24. Admitted. REP further states, pursuant to that Order, the Debtor "has elected to continue to receive benefits under the ELA and consequently is required to abide by all pecuniary and non-pecuniary terms of the ELA."

25. It is admitted that REP's service fees pursuant to the ELA were $28,000.00 per race for a sealed engine. It is specifically denied that "sealed" is interchangeable with "second use." The remaining allegations of paragraph 25 of the Complaint are denied.

26. Denied as stated. An engine is comprised of various different individual parts. It is admitted that Debtor owned the engine blocks assigned numbers 1113, 1115, 1125, and 1127.

27. Denied.

28. Denied.

29. Paragraph 29 contains no allegations and therefore no response is required. To the extent a response is required, it is denied.

30. Admitted.

31. Admitted.

32. Denied as stated. It is admitted that the invoice, attached as Exhibit 2, is a written document and speaks for itself. It is denied that the words "2nd time use" made the invoiced

services false, or that the engine did not meet the requirements for a sealed engine. Except as specifically admitted herein, the remaining allegations of paragraph 32 of the Complaint are denied.

33. Admitted.

34. Denied.

35. It is admitted the Debtor paid $28,000.00 to REP pursuant to Invoice 2018692. The remaining allegations of paragraph 35 of the Complaint are denied.

36. Admitted.

37. Admitted.

38. Denied as stated. It is admitted that the invoice, attached as Exhibit 3, is a written document and speaks for itself. It is denied that the words "2nd time use" made the invoiced services false, or that the engine did not meet the requirements for a sealed engine. It is specifically denied that "2nd time use" and "sealed" are interchangeable. It is further specifically denied that an engine's constituent parts are all used a second time as a sealed engine. Except as specifically admitted herein, the remaining allegations of paragraph 38 of the Complaint are denied.

39. Admitted.

40. Denied.

41. It is denied that the Debtor paid an additional $28,000.00 to REP pursuant to Invoice 2018692. It is admitted that the Debtor paid $28,000.00 to REP pursuant to Invoice 2018718, which is the invoice submitted to the Debtor for the July Kentucky race. The remaining allegations of paragraph 41 of the Complaint are denied.

42. Admitted.

43. Admitted.

44. Denied as stated. It is admitted that the invoice, attached as Exhibit 4, is a written document and speaks for itself. It is denied that the words "2nd time use" made the invoiced services false, or that the engine did not meet the requirements for a sealed engine. It is specifically denied that "2nd time use" and "sealed" are interchangeable. It is further specifically denied that an engine's constituent parts are all used a second time as a sealed engine. Except as specifically admitted herein, the remaining allegations of paragraph 44 of the Complaint are denied.

45. Admitted.

46. Denied.

47. It is admitted the Debtor paid $28,000.00 to REP pursuant to Invoice 2018721. The remaining allegations of paragraph 47 of the Complaint are denied.

48. It is admitted that the engine blocks identified by numbers 1113 and 1115 were leased to Carl Long, as allowed by the ELA. The remaining allegations of paragraph 48 of the Complaint are denied.

49. Admitted.

50. It is admitted that REP leased the engine block identified by number 1113 to the Carl Long team for use in the Bristol race and that REP was paid for such use, as permitted by the ELA. Except as admitted herein, paragraph 50 of the Complaint is denied.

51. Admitted.

52. It is admitted that REP leased the engine block identified by number 1115 to the Carl Long team for use in the Kansas race and that REP was paid for such use, as permitted by the ELA. Except as admitted herein, paragraph 52 of the Complaint is denied.

53. Denied.

{00489020.DOCX V. R311.027187;}    6

## FIRST CLAIM FOR RELIEF
Fraud

54. Responding to paragraph 54, Defendant incorporates by reference the responses contained in the preceding paragraphs as if fully set forth herein.

55. Admitted.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

## SECOND CLAIM FOR RELIEF
Conversion

62. Responding to paragraph 62, Defendant incorporates by reference the responses contained in the preceding paragraphs as if fully set forth herein.

63. It is admitted that Debtor was the owner of engine blocks identified by numbers 1113 and 1115. Except as admitted, paragraph 63 of the Complaint is denied.

64. Denied.

65. Denied.

66. Denied.

## THIRD CLAIM FOR RELIEF
Unfair and Deceptive Trade Practices

67. Responding to paragraph 67, Defendant incorporates by reference the responses contained in the preceding paragraphs as if fully set forth herein.

68. Denied as stated.

69. Denied.

70. Denied.

71. Denied.

## FOURTH CLAIM FOR RELIEF
Stay Violation

72. Responding to paragraph 72, Defendant incorporates by reference the responses contained in the preceding paragraphs as if fully set forth herein.

73. It is admitted that the Debtor owned engine blocks identified by numbers 1113 and 1115. Except as admitted, paragraph 73 of the Complaint is denied.

74. Admitted.

75. Denied.

76. Denied.

## FIFTH CLAIM FOR RELIEF
Avoidance of Unauthorized Post-Petition Transfers

77. Responding to paragraph 77, Defendant incorporates by reference the responses contained in the preceding paragraphs as if fully set forth herein.

78. Denied.

79. Denied.

80. Denied.

## SIXTH CLAIM FOR RELIEF
Recovery of Transfers

81. Responding to paragraph 81, Defendant incorporates by reference the responses contained in the preceding paragraphs as if fully set forth herein.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

## SEVENTH CLAIM FOR RELIEF
Claim Block

86. Responding to paragraph 86, Defendant incorporates by reference the responses contained in the preceding paragraphs as if fully set forth herein.

87. Admitted.

88. Denied.

89. Denied.

90. Denied.

## EIGHTH CLAIM FOR RELIEF
Claim Objection/Equitable Subordination

91. Responding to paragraph 91, Defendant incorporates by reference the responses contained in the preceding paragraphs as if fully set forth herein.

92. Paragraph 92 and all subparts thereof are denied.

93. Denied.

94. Denied.

## FOR A THIRD DEFENSE
(Failure to Mitigate)

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to adequately mitigate its damages.

## FOR A FOURTH DEFENSE
(Failure of Conditions Precedent)

Plaintiff's claims are barred, in whole or in part, due to the failure of the occurrence of one or more conditions precedent under the contract at issue.

## FOR A FIFTH DEFENSE
(Equitable Defenses – Waiver, Estoppel, Unclean Hands, *Laches*)

Plaintiff's claims are barred due to laches, waiver, estoppel, and/or unclean hands.

{00489020.DOCX V. R311.027187;}    9

## FOR A SIXTH DEFENSE
(Parties' Course of Dealings)

Plaintiff's claims are barred or limited by the course of the parties' dealings.

## FOR A SEVENTH DEFENSE
(Right to Offset)

To the extent Plaintiff is entitled to judgment against Defendant, which is strictly denied, Defendant is entitled to an offset of any amounts due.

## FOR AN EIGHTH DEFENSE
(Reservation)

Defendant reserves the right to plead additional affirmative defenses that may be revealed during the course of discovery.

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice, deny all relief requested by the Plaintiff, assess the costs of this action against the Plaintiff, award Defendant its reasonable attorney's fees incurred in defending this action, and grant such other and further relief as this Court may deem just and equitable.

This the 22nd day of April, 2020.

HAMILTON STEPHENS
STEELE + MARTIN, PLLC

 /s/ Kenneth B. Dantinne
Kenneth B. Dantinne, N.C. Bar No. 47677
Glenn C. Thompson, N.C. Bar No. 37221
525 North Tryon Street, Suite 1400
Charlotte, NC 28204
Telephone: 704-344-1117
Facsimile: 704-344-1483
gthompson@lawhssm.com
kdantinne@lawhssm.com
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date a copy of the *Defendant Race Engines Plus, LLC's Motion to Dismiss, Answer to Complaint, and Affirmative Defenses* was served by electronic notification on those parties registered with the United States Bankruptcy Court ECF system to receive notices for this case.

This the 22nd day of April, 2020.

                                            */s/ Kenneth B. Dantinne*
                                            Kenneth B. Dantinne

HAMILTON STEPHENS
STEELE + MARTIN, PLLC
525 North Tryon Street, Suite 1400
Charlotte, NC  28202

{00489020.DOCX V. R311.027187;}　　　　　　11